UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TRACIE ANN HANNAH,

        **Plaintiff,**

v.                                **Case No.  8:13-cv-1082-24TBM**

CAROLYN W. COLVIN, Acting
Commissioner of the United States
Social Security Administration,[1]

        **Defendant.**

_____/


## REPORT AND RECOMMENDATION

    The Plaintiff seeks judicial review of the denial of her claims for Social Security

disability benefits and Supplemental Security Income payments.  Because the decision of the

Commissioner of the United States Social Security Administration is not supported by

substantial evidence or is not in accordance with the correct legal standards, I recommend that

it be reversed.

A.

    Plaintiff was forty-two (42) years old at the time of her administrative hearing in

May 2012.  Plaintiff has an associates degree in liberal arts.  Plaintiff reported past work in

telemarketing/sales and as an executive assistant.  Plaintiff applied for disability benefits and

Supplemental Security Income payments in November 2010, alleging disability as of July 9,

---

[1]Carolyn W. Colvin became Acting Commissioner of Social Security on February 14,
2013.  Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for
Michael J. Astrue as the defendant in this lawsuit.

2009, by reason of depression, anxiety, post-traumatic stress disorder (PTSD), and bipolar disorder. Plaintiff's applications were denied originally and on reconsideration. Plaintiff received an unfavorable decision after an administrative hearing in August 2011. (R. 87-97). Thereafter, the Appeals Council vacated the decision and remanded the case for further consideration. (R. 103-04).

The administrative hearing on remand was conducted before the same Administrative Law Judge (ALJ) on May 2, 2012. The Plaintiff was represented at the hearing by counsel and testified in her own behalf. In essence, Plaintiff testified that her mental impairments prevent her from doing sustained work. She has been treated at Manatee Glens for several years, which has included several hospitalization, voluntary and involuntary, and on-going therapy. At the time of the hearing, she was in therapy to improve her activities of daily living. She is prescribed Xanax, Geodan, and Effexor for her mental conditions and Benadryl to help her sleep. She takes Cogentin to combat the occasional side-effects of the Geodan. She stated she has poor concentration and memory. She loses her train of thought and has to be reminded to do things like take her medicine. She cannot do basic math. When she has panic attacks she cannot even leave the house.

She lives with a roommate who suffers from schizophrenia. She tries to care for the house but the roommate does most of the chores. She watches television and does not get out much as she gets scared with crowds and in unfamiliar places. She has problems sleeping more than three hours at a time. (R. 43-62).

Joey Kilpatrick, a vocational expert (VE), testified via telephone, over counsel's objection. After classifying Plaintiff's past work, he testified on a hypothetical question

2

which assumed a person limited to understanding and carrying out simple, routine, repetitive instructions and procedures; no detailed or complex tasks; the ability to accept simple to general instructions/directions and non-threatening feedback from coworkers or supervisors; an occasional ability to interact superficially with the public and with large crowds; the ability to adjust to changes in the work setting; and no work around dangerous machinery or involved in activities arranging transportation for others.  According to the VE, even with such limitations, the individual could perform jobs such as hospital cleaner, photocopy machine operator, and folder[2] work.  If such person could not pay attention and concentrate with regards to simple, routine, repetitive instructions or complete simple tasks on a timely basis, the VE testified that such work would not be available.

On questioning by counsel, the VE testified that no work would be available if such person would miss one day of work a week for treatment.  Counsel also questioned the VE concerning how he arrived at his testimony of the number of such jobs available in the state and the local region.  (R. 62-68).

Also before the ALJ were medical records outlining the Plaintiff's medical history.  These matters are addressed herein as necessary.

By his decision of June 25, 2012, the ALJ determined that while Plaintiff has severe impairments related to bipolar disorder with major depression and anxiety/PTSD, she nonetheless had the residual functional capacity to perform work at all exertional levels with certain nonexertional limitations.  Upon this finding and the testimony of the VE, the ALJ

---

[2]The transcript incorrectly identifies the job as "solder."  (R. 64).

3

concluded that Plaintiff could perform jobs available to her in the local and national economy.

Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 22-33).  The

Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the

final decision of the Commissioner.

B.

Entitlement to Social Security disability benefits and Supplemental Security Income

payments requires the claimant establish that he or she is unable "to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment

which . . . has lasted or can be expected to last for a continuous period of not less than 12

months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms

of the Act, is one that "results from anatomical, physiological, or psychological abnormalities

which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld

if it is supported by substantial evidence and comports with applicable legal standards.  *See*

*id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th

Cir. 2001) (quotations omitted).  The Commissioner must apply the correct law and

demonstrate that she has done so.  While the court reviews the Commissioner's decision with

deference to the factual findings, no such deference is given to the legal conclusions.  *Moore*

*v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citations omitted).

4

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211.

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

## C.

The Plaintiff raises three claims on this appeal. She first urges that the ALJ erred by receiving VE testimony via telephone over counsel's objections when such was not permitted by the regulations. Next, she argues that the VE testimony was inconsistent with the Dictionary of Occupational Titles (DOT) and the inconsistency was not resolved by the ALJ. Finally, she argues that the VE testimony regarding job numbers was incorrect, implausible, and unreliable as there cannot be an average of 224 full-time hospital cleaner positions per hospital in the nation and an average 127 full-time hospital cleaner positions per hospital in Florida. Because remand is required on Plaintiff's first claim, it is the only claim addressed.

On her first claim, Plaintiff seeks remand because the ALJ took the VE's testimony via telephone over counsel's objection.  (R. 62).  In support, Plaintiff contends that sections 404.950(e) and 416.1450(e) of the regulations did not allow witness testimony via telephone at the time of this hearing.  Moreover, sections 404.938(b) and 416.1428(b) of the regulations require that a claimant be noticed as to the manner by which witness testimony will be taken and here, the Notice of Hearing she received did not advise her that such testimony would be taken by telephone.  Because of the significant role played by the VE in this decision, Plaintiff claims she was prejudiced in the above matters such that the case should be remanded for a new hearing.  In support of this claim, Plaintiff relies on *Jimenez v. Colvin*, Case No. 8:12-cv-342-T-30EAJ (M.D. Fla. July 9, 2013); *Edwards v. Astrue*, No. 3:10-cv-1017(MRK), 2011 WL 3490024 (D. Conn. Aug. 10, 2011); and *Koutrakos v. Astrue*, 906 F. Supp. 2d 30 (D. Conn. Jan. 9, 2012).  (Doc. 14 at 6-10).

The Commissioner counters that the ALJ did not err by allowing the VE to testify by telephone because (1) telephonic VE testimony was not prohibited at the time of the hearing in Plaintiff's case; rather, the regulations were silent on the matter, and (2) the SSA's Hearings, Appeals and Litigation Law Manual (HALLEX) expressly allowed for VE testimony by telephone.  As for the lack of notice, the Commissioner concedes Plaintiff was not noticed in advance that the VE's testimony would be via telephone, contrary to the regulations.  However, the Commissioner maintains the error was harmless because Plaintiff fails to show any prejudice from the telephonic testimony.  Here, the ALJ offered specific reasons for overruling the Plaintiff's objection and Plaintiff offers no showing that she was disadvantaged in these circumstances.  To the extent Plaintiff relies on *Jimenez* for the

proposition that "the mere fact the ALJ relied on the VE's telephonic testimony constitutes prejudice," the Commissioner urges that *Jimenez* is not binding authority.  (Doc. 15 at 9-12).

The regulations in effect at the time of the administrative decision provided that "[a] party to a hearing has a right to appear before the [ALJ], either in person, or when the conditions in § 404.936(c) exist, by video teleconferencing, to present evidence and to state his or her position."  20 C.F.R. 404.950(e), 416.1450(e) (2012).  They also provided that a claimant be noticed "if [her] appearance or that of any other party or witness is scheduled to be made by video teleconferencing rather than in person."  20 C.F.R. §§ 404.938(b), 416.1438(b) (2012).  As both parties appear to concede, the regulations in effect at the time of the administrative decision are applicable to this matter.[3]

Here, the Notice of Hearing sent to Plaintiff stated that "[a] vocational expert will testify at your hearing."  (R. 177).  The SSA's letter to the VE stated that she was "requested to appear and give testimony" at Plaintiff's hearing, and that her "presence throughout the hearing is desired since your testimony will be based, in part, on the testimony given by the claimant . . ."  (R. 195).  Thus it is apparent that the SSA intended to secure the VE testimony in person, not via telephone.  On this record, it is not at all clear exactly how the VE came to testify by phone.[4]  The transcript of the administrative hearing reveals little.  Aside from the VE stating that she "could barely hear the claimant" at the start of the hearing (R. 43), the

---

[3]The regulations were amended effective June 20, 2013.  78 Fed. Reg. 29624, 29627 (May 21, 2013).  They now permit witnesses to appear by telephone; however, the Commissioner still must notify a claimant if a witness will be appearing by telephone.  20 C.F.R. §§ 404.928(b), 416.1438(b).

[4]According to the VE's resume, the VE's office is in Valrico, Florida.  (R. 195).  The hearing on Plaintiff's claim was in St. Petersburg, Florida.  (R. 40).

transcript does not reflect any introduction of the VE or statement that she was appearing telephonically.  At the outset of her testimony, the ALJ asked Plaintiff's counsel if he objected to the VE testimony.  Counsel did not object to the VE's qualifications but he objected to the VE testifying by telephone because "it wasn't noticed" and "it's not authorized by the regulations."  (R. 62).  The ALJ overruled counsel's objection on grounds that the SSA had "a huge backlog of cases and not too many vocational experts available to be present at the hearing.  And instead of delaying the adjudicative process we have the practice of if there's no [VE] that will be available to appear in person at the hearing, to obtain [VE] testimony over the phone."  (R. 62).  Plaintiff's counsel renewed his objection after the hearing as well.  (R. 355).  The ALJ again overruled the objection on grounds that the case law counsel relied upon was not controlling and because counsel "was given extreme latitude and flexibility to ask numerous questions to the [VE], even those not related to the claimant's functional and vocational limitations."  (R. 23).  As the decision reflects, the ALJ thereafter relied on the VE's testimony in concluding at step five of the sequential evaluation that Plaintiff was not disabled.  (R. 31-32).

On review of the pleadings and an exhaustive review of cases that have confronted this and similar issues, I conclude that the then-current regulations did not permit the use of telephonic expert witness testimony, the ALJ erred by obtaining and relying upon such testimony over the repeated objections of Plaintiff, and the error was presumptively prejudicial and/or not harmless.  The Eleventh Circuit has not addressed these particular issues but many district courts have, albeit with mixed results, including at least two in this circuit.  By my consideration, a historical reading of the pertinent regulations suggests that the

SSA expressly intended to obtain expert testimony either in person or via video-teleconferencing, and that the exclusion of telephonic testimony was purposeful. *See Edwards*, 2011 WL 3490024, at *5-6 (tracing history of the applicable regulations and noting use of telephonic testimony was specifically considered and rejected during the rule-making process due to the impact it would have on counsel's ability to effectively cross-examine the witness).  In light of that and a plain reading of the regulations, I find that under the then-current regulations, the taking of expert testimony via telephone was in violation of the pertinent regulations and was error.[5]  The majority of cases addressing this issue have agreed. *See, e.g., Brown v. Comm'r of Soc. Sec*., No. 6:12cv804, 2014 WL 1233126, at *7 (E.D. Tex. Mar. 24, 2014) (noting that courts typically find the inclusion of, and reliance on, telephonic expert testimony to be legal error); *Decker v. Comm'r of Soc. Sec.,* 2:12-CV-0454, 2013 WL 1363752, at *5-10 (S.D. Ohio Apr. 3, 2013) (allowing expert testimony over claimant's objection violates regulations and requires remand); *Koutrakos*, 906 F. Supp. 2d at 35 (finding ALJ violated regulations and erred in receiving and considering telephone testimony of VE over claimant's objection); *but see Cassidy v. Astrue*, No. 5:10cv212/RH/EMT, 2011 WL 4102824, at *13 (N.D. Fla. Aug. 9, 2011) (finding no error where medical expert testified by phone because the HALLEX specifically provides for expert testimony via telephone). Consequently, I am constrained to conclude that the ALJ erred by allowing the VE to testify via telephone over Plaintiff's objection and by relying on the same for decision.

---

[5]Although the Commissioner is correct that the HALLEX states that experts may testify telephonically, *see* HALLEX I-2-5-30, 1994 WL 637367, the HALLEX is an internal manual and does not have any legal force or bind the SSA.  *See Schweiker v. Hansen*, 450 U.S. 785, 789 (1981).

Additionally, I also find that the failure to notify Plaintiff that the VE would testify by telephone, i.e., to include that in the Notice of Hearing sent to Plaintiff, violates the regulations and constitutes error.  Such notification was required under the then-current regulations.  Notably, even though the current regulations permit expert testimony via telephone, they still require the SSA to notify a claimant if a witness will be appearing by telephone.  20 C.F.R. §§ 404.928(b), 416.1438(b).

Despite the errors, the Commissioner urges that such were harmless and thus a remand is not required.  As presented, the pleadings raise the question of whether the errors were presumptively prejudicial such that no additional showing of harm is required or whether the errors are subject to a harmless error analysis requiring a demonstration of prejudice.  On thorough consideration, I find that remand is warranted regardless of the showing required.  First, I find persuasive the line of cases concluding that such errors are "legal" or "presumptively prejudicial."  *See, e.g., Decker,* 2013 WL 1363752, at *10 (finding violation of the witness appearance regulations was not harmless and remanding to ensure "the claimant is afforded his or her regulatory rights and that the Commissioner has an appropriate incentive to follow the regulation in question."); *Koutrakos*, 906 F. Supp. 2d at 42 (finding that ALJ legally erred by disregarding the regulations and taking telephonic testimony from an expert witness over claimant's objections, and, under the circumstances, cannot be found harmless).  As Judge Kemp stated in the *Decker* case, "it will be difficult if not impossible for the claimant to show specific prejudice to the claim on its merits" in these circumstances.  2013 WL 1363752, at *9.  In the alternative and assuming the traditional harmless error rule applies in this context, i.e., an agency violation of its own regulations, I

10

find the circumstances in this case militate towards finding that the errors were not harmless.

Here, Plaintiff maintains she was prejudiced by these errors because the VE was key witness

on whom the ALJ based his decision.  (Doc. 14 at 9).  Contrary to the Commissioner's

assertion, I find that a sufficient demonstration of prejudice.  In finding Plaintiff not disabled

at step five, the ALJ relied solely on the testimony of the VE.  While Plaintiff's counsel had

the opportunity to cross-examine the VE via telephone, as recognized by the court in

*Edwards*, face-to-face confrontation is essential to fairness and the appearance of fairness.

*Edwards*, 2011 WL 3490024, at *9.  Those involved in adjudicating SS disability and SSI

claims have also recognized the same principle:

> Telephonic testimony conveys the impression that the
> hearing is perfunctory and not an important stage in the
> Social Security disability process.

*Edwards*, 2011 WL 3490024, at *9 (quoting *Comments of the Association of Administrative*

*Law Judges Regarding Social Security Administration Notice of Proposed Rulemaking*).  As

stated in *Edwards*, "it is impossible . . . to determine, based on the record before it, whether

[the claimant] was able to conduct the cross-examination she intended when she believed the

[VE] would be appearing in person."  *Id.* at 10.  Also undercutting the fairness of the hearing

afforded to Plaintiff is that the VE was not asked if she was able to hear clearly the entirety of

Plaintiff's testimony.  Moreover, while Plaintiff's counsel aptly took advantage of questioning

the VE at length about the jobs identified and the basis for the same, the ALJ eventually

interrupted stating "[c]ounsel, let's move on, because its past 1:00 already.  We have been in

this hearing for over an hour."  (R. 67).  Given these factors, I am unable to conclude that the

ALJ would have reached the same decision had the VE testified in person instead of by telephone. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).

Thus, for reasons above, remand is required in order to afford Plaintiff a full and fair hearing. *See Jimenez*, No. 8:12-cv-342-T-30EAJ, at *5 (finding ALJ erred by permitting telephonic testimony from medical experts over Plaintiff's objections and without notice; remand required to afford Plaintiff a full and fair hearing); *Decker,* 2013 WL 1363752, at *10 (finding violation of the witness appearance regulations was not harmless and remanding to ensure "the claimant is afforded his or her regulatory rights and that the Commissioner has an appropriate incentive to follow the regulation in question."); *Koutrakos*, 906 F. Supp. 2d at 42 (finding reversible error where ALJ disregarded regulations and took expert testimony via telephone over claimant's objections); *Edwards*, 2011 WL 3490024, at *9 (finding that taking telephonic testimony of a medical expert of a claimant's objection was not harmless); *Ainsworth v. Astrue,* 2010 WL 2521432, at *2-3 (D. N.H. June 17, 2010) (concluding that medical expert's testimony via telephone required remand because the opinion was critical to the ALJ's decision, the transcript of his testimony was incomplete in important sections, and the use of telephonic testimony is not always appropriate); *see also Brown*, 2014 WL 1233126, at *8-9 (finding failure to provide notice of telephonic expert testimony is error and error was not harmless); *Marasco v. Astrue,* No. 10-3970, 2012 WL 4717991, at *7 (N.D. Cal. Oct.2, 2012) (noting that "[b]ecause the court must remand on other grounds, it will do no more with this issue than to note that the failure to provide notice for [the expert's]

telephonic testimony may have violated Section 404.938(b).").[6]

In light of the above, Plaintiff's other claims need not be addressed.[7]   *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

## D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, and I recommend that it be reversed and remanded for further proceedings before the Commissioner consistent with this Report and

---

[6]The cases in which violations of these regulations were found harmless are either factually distinguishable or unpersuasive.  *See, e.g.*, *Green v. Astrue*, No. 11-11711-PBS, 2013 WL 636962, at *11 (D. Mass. Feb. 20, 2013) (finding that the lack of notice of the vocational expert's appearance via telephone does not provide a basis for reversal where no prejudice is shown); *Tardiff v. Astrue*, No. 11-cv-17-JD, 2012 WL 777484, at *5-7 (D. N.H. Mar. 7, 2012) (finding use of telephonic opinion testimony does not violate the regulations and in the absence of unfairness or prejudice, claimant failed to show ALJ erred in allowing medical expert to testify via telephone); *Cassidy v. Astrue*, No. 5:10cv212/RH/EMT, 2011 WL 4102824, at *13 (N.D. Fla. Aug. 9, 2011) (rejecting plaintiff's claim that ALJ erred in obtaining telephonic medical expert testimony because HALLEX provided for it, the regulations did not prohibit it, counsel did not object to such testimony, and counsel voluntarily chose to absent himself from the hearing); *Goodwin v. Astrue*, Case No. 10-cv-233-PB, 2011 WL 1630927, at *11 (D. N.H. Apr.11, 2011) (findings claimant's allegation of error regarding telephonic opinion evidence would not succeed because, among other grounds, claimant did not object to the same at the hearing); *Palaschak v. Astrue,* No. 08-1172, 2009 WL 6315324, at *12 (N.D. N.Y. Nov.18, 2009), (concluding that it was harmless error to allow the vocational expert to testify via telephone because the claimant extensively cross examined the vocational expert but noting the use of telephone testimony over the objection of the claimant was troubling).

[7]Without reaching the merits on Plaintiff's second claim that the VE testimony was in fact inconsistent with the Dictionary of Occupational Titles, on remand, special attention shall be paid to the vocational implications of the mental limitations actually assessed by the ALJ.

Recommendation.  I further recommend that the Clerk be directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

Respectfully submitted this
4th day of June 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record